| | |
|---|---|
| MICHAEL J. REDENBURG, ESQ. PC<br>Michael Redenburg, Esq. (NY #MR4662)<br>11 Park Place, Suite 817<br>New York, NY 10007<br>Telephone: (212) 240-9465<br>Facsimile: (917) 591-1667 | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Ronald Fourcand,**<br><br>                              **Plaintiff,**<br>v.<br><br>**City of New York, NYPD Officer Sasha Cordoba (Tax ID# 943104), NYPD Officer Jacob Giannelli (Shield #20929) and NYPD Sergeant Michael Gargan (Shield #1154), individually and in their official capacities.**<br>                              **Defendants.** | **Amended Complaint**<br><br>JURY TRIAL DEMANDED<br><br>Civ. No.: 15- 6146 (PKC)(MDG) |

### PRELIMINARY STATEMENT

1. Plaintiff brings this civil rights action against the City of New York, NYPD Officer Sasha Cordoba, NYPD Officer Jacob Giannelli and NYPD Sergeant Michael Gargan alleging that defendants violated his rights under 42 U.S.C. § 1983, the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution by falsely arresting him and maliciously prosecuting him; for NYPD Officer Sasha Cordoba's deliberate indifference to Plaintiff's serious medical needs, and for NYPD Officer Jacob Giannelli and NYPD Sergeant Michael Gargan's failure to intervene and prevent such conduct. Plaintiff seeks compensatory and punitive damages, attorneys' fees and costs and such other and further relief as the Court deems just and proper.

### JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth, Fifth, Eighth & Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and §1343.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391 (b) and because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and because some or all of the defendants reside in this District.

## DEMAND FOR A JURY TRIAL

4. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury in this action.

## PARTIES

5. Plaintiff Ronald Fourcand ("Plaintiff" or "Mr. Fourcand") is a forty (40) year old man who resides in the County of Queens, City and State of New York.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. NYPD Officer Sasha Cordoba, NYPD Officer Jacob Giannelli and NYPD Sergeant Michael Gargan are members of the New York City Police Department ("NYPD") who were so employed on April 30, 2013. NYPD Officer Sasha Cordoba, NYPD Officer Jacob Giannelli and NYPD Sergeant Michael Gargan were acting under color of state law and in their capacities as members of the NYPD at all relevant times. NYPD Officer Sasha Cordoba, NYPD Officer Jacob Giannelli and NYPD Sergeant Michael Gargan are sued in their individual and official capacities.

## STATEMENT OF FACTS

8. On April 30, 2013, and at or about 7:00 p.m., Plaintiff heard a knock at his door at his residence of 92-14 175th Street, Apt. 2, Jamaica, NY 11432.

9. Plaintiff answered the door and it was his neighbor, Leon (now deceased) who resided in apartment next to Plaintiff's. Leon was bringing Plaintiff his mail that the mail delivery person had accidently delivered to Leon.

10. With Plaintiff's apartment door now open, Plaintiff noticed what he describes as a "SWAT Team" of officers and police vehicles descending on the area.

11. The SWAT Officers approached the building with their weapons drawn and told Plaintiff, Leon and Calvin to "get to the ground."

12. Plaintiff first tried to explain to the SWAT Officers that he couldn't "get to the ground" because he had just had surgery on his right foot and had a surgical boot on his right foot. But the officers were unconcerned and again ordered him to the ground; Plaintiff complied.

13. Once Plaintiff, his neighbor Leon and Calvin, were on the ground handcuffed, the team of officers proceeded to 92-10 175th Street, Apt. 1, the residence for which they had a warrant.

14. NYPD Officer Jacob Giannelli and NYPD Sergeant Michael Gargan lifted Plaintiff, Leon and Calvin up off of the ground and took them over to 92-10 175th Street.

15. Next, one of the SWAT Officers asked NYPD Officer Sasha Cordoba, who appeared to Plaintiff to be supervising the other officers, "What should we do with them?" (Plaintiff, Leon and Calvin) because they weren't part of the raid.

16. In response, NYPD Officer Sasha Cordoba said, "Take them in."

17. Plaintiff was taken to the 103rd Precinct for processing.

18. NYPD Officer Sasha Cordoba was present at the 103rd Precinct with Plaintiff and Plaintiff asked NYPD Officer Sasha Cordoba for medical attention because he had just

3

had surgery on his right foot and it needed to be bandaged to avoid getting infected. This was evident to NYPD Officer Sasha Cordoba because Plaintiff had a surgical shoe on his right foot.

19. In response to Plaintiff's request as outlined in ¶18, above, NYPD Officer Sasha Cordoba told Plaintiff to "shut-up" and denied his request for medical attention.

20. After spending about seven (7) hours at the Precinct, Plaintiff was taken to Central Booking.

21. At Central Booking, Plaintiff asked Officers there for medical treatment because he had just had surgery on his right foot and it needed to be bandaged to avoid getting infected, but he was told that he would have to talk to NYPD Officer Sasha Cordoba.

22. While in Central Booking, Plaintiff's right foot which he had recently had surgery on, got infected.

23. About forty-eight (48) hours later, Plaintiff was arraigned.

24. Once released, Plaintiff saw numerous medical professionals due to the infection in his foot resulting from his stay in Central Booking, which required one and one-half (1 ½) months of treatment and Plaintiff is still prescribed Amoxin pills to this day, to treat and fight said infection.

25. Following numerous court appearances, the criminal charges levied against Plaintiff were adjourned in contemplation of dismissal; eventually being dismissed in the entirety.

26. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation and an infected foot – all to his detriment.

## FIRST CLAIM
*Unlawful Search and Seizure*

27. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28. NYPD Officer Sasha Cordoba violated the Fourth and Fourteenth Amendments because she stopped and searched Plaintiff without reasonable suspicion or probable cause to do so.

29. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

30. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation and degradation – all to his detriment.

## SECOND CLAIM
*False Arrest*

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. NYPD Officer Sasha Cordoba violated the Fourth and Fourteenth Amendments because she arrested Plaintiff without probable cause.

33. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
*Failure to Intervene*

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. NYPD Officer Jacob Giannelli and NYPD Sergeant Michael Gargan were present and did not actively participate in the aforementioned unlawful conduct, but observed such

conduct; had an opportunity to prevent such conduct and had a duty to intervene and prevent such conduct- but consciously failed and refused to intervene.

36. Accordingly, NYPD Officer Jacob Giannelli and NYPD Sergeant Michael Gargan who failed to intervene violated the Fourth, Fifth and Fourteenth Amendments.

37. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
*Deliberate Indifference to Medical Needs*

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. NYPD Officer Sasha Cordoba was aware of the risk to Plaintiff's need for medical care because he asked her for medical attention due to the fact that he had just had surgery on his right foot, which was in a surgical shoe, and it needed to be bandaged to avoid getting infected.

40. In response to Plaintiff's request for medical attention, NYPD Officer Sasha Cordoba told Plaintiff to "shut-up," and denied his request for medical attention.

41. NYPD Officer Sasha Cordoba failed to act in deliberate indifference to Plaintiff's medical needs.

42. Accordingly, NYPD Officer Sasha Cordoba violated the Eighth Amendment because she acted with deliberate indifference to Plaintiff's medical needs.

43. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged, including an infected foot.

## FIFTH CLAIM
*MONELL CLAIM*

44. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45. The City of New York is a "person" within the meaning of 42 U.S.C. §1983.

46. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and NYPD, all under the supervision of ranking officers of the NYPD.

47. The City is liable for the damages suffered by Plaintiff as a result of the conduct of their employees, agents, servants, in that, after learning of their employees' violation of Plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy and/or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

48. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of Plaintiff's constitutional rights in this case.

49. The Incident that Plaintiff complains of is not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of the City's police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obvious illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

50. In addition, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

51. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following-up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer.

52. Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated its

law department from the discipline of police officers so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions.

53. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate Plaintiff's civil rights without fear of reprisal.

54. Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

55. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation and an infected foot, which required and continues to require medical treatment – all to his detriment.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

a. Compensatory damages against all defendants, jointly and severally;

b. Punitive damages in an amount to be determined by a jury;

c. Reasonable attorneys' fees and costs; and

d. Such other relief as this Court shall deem just and proper.

Dated: March 28, 2016
New York, NY

**s/Michael J. Redenburg_____**
Michael J. Redenburg (NY #MR4662)
MICHAEL J. REDENBURG, ESQ. PC
11 Park Place, Suite 817
New York, NY 10007

9

mredenburg@mjrlaw-ny.com  
1-212-240-9465 (Phone)  
1-917-591-1667 (Fax)